21-cr-149 (NEB)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | 18 U.S.C. § 2251(a) |
| v. | ) | 18 U.S.C. § 2251(d) |
| | ) | 18 U.S.C. § 2251(e) |
| | ) | 18 U.S.C. § 2252(a)(2) |
| | ) | 18 U.S.C. § 2252(b)(1) |
| | ) | 18 U.S.C. § 2253(a) |
| DEREK GERARD WILLIAMS, | ) | |
| A/K/A "MELIKECHEESEPIZZA," | ) | |
| A/K/A "KNOTTUPTOANYGOOD," | ) | |
| A/K/A "JAKE SMITH," | ) | |
| | ) | |
| Defendant. | ) | |

THE ACTING UNITED STATES ATTORNEY CHARGES THAT:

**INTRODUCTION**

At times relevant to the Information:

1. Defendant DEREK GERARD WILLIAMS resided in the District of Minnesota.

2. Defendant WILLIAMS created and controlled internet accounts for email, file sharing, and chatting, including under the aliases "MELIKECHEESEPIZZA," "KNOTTUPTOANYGOOD," "JAKE SMITH," and variations on those names. Some of defendant WILLIAMS's aliases, including "MELIKECHEESEPIZZA," and "KNOTTUPTOANYGOOD," contained coded references to child exploitation offenses.



SCANNED
JUN 29 2021
U.S. DISTRICT COURT ST. PAUL

*United States v. Derek Gerard Williams*

3. From at least in and around November 2019 until on or about March 11, 2021, defendant WILLIAMS used these accounts and aliases to advertise, produce, distribute, and obtain child pornography and other data related to the sexual exploitation of children. Defendant WILLIAMS used accounts on platforms provided by United States and foreign internet service providers to engage in these activities.

4. Defendant WILLIAMS used these platforms to communicate with other users regarding child exploitation material. For example, in and around February 2020, defendant WILLIAMS encouraged a user based in Ireland or the United Kingdom to contact the then-14-year-old victim further described in Count 2 below to produce child pornography, noting, "She'll do anything you ask her to."

5. Defendant WILLIAMS used multiple means, including use of virtual private network (VPN) or proxy services and coded language referring to child exploitation and bestiality, to attempt to conceal his internet activity from detection by law enforcement.

**COUNT 1**
(Advertising Child Pornography)

6. The allegations in paragraphs 1 and 5 of the Information are incorporated here.

7. In and around November 2019, in the State and District of Minnesota and elsewhere, the defendant,

**DEREK GERARD WILLIAMS,
A/K/A "MELIKECHEESEPIZZA,"**

*United States v. Derek Gerard Williams*

### A/K/A "KNOTTUPTOANYGOOD,"
### A/K/A "JAKE SMITH,"

used multiple electronic devices, the internet, and accounts on platforms provided by United States and foreign internet service providers to offer child pornography image and video files for trading. Specifically, defendant **WILLIAMS** would post links to a foreign provider to folders that contained more than 1,000 child pornography image and video files.

8. On multiple occasions during this period, defendant **WILLIAMS** did knowingly make, print, and publish, and cause to be made, printed, and published, notices and advertisements seeking and offering to receive, distribute, and trade visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and which depictions were of such conduct, and such notices and advertisements were transported using a facility of interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2251(d) and 2251(e).

### COUNT 2
(Production and Attempted Production of Child Pornography)

9. The allegations in paragraphs 1 through 5 of the Information are incorporated here.

10. Between at least on or about February 5, 2020 and on or about February 7, 2020, in the State and District of Minnesota, the defendant,

3

*United States v. Derek Gerard Williams*

**DEREK GERARD WILLIAMS,**
**A/K/A "MELIKECHEESEPIZZA,"**
**A/K/A "KNOTTUPTOANYGOOD,"**
**A/K/A "JAKE SMITH,"**

attempted to and did employ, use, persuade, induce, entice, and coerce, a known minor victim who lived in Massachusetts and was 14 years old, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce, namely: a video file approximately 13 seconds in duration depicting the victim's genitals while she inserts the handle of a hairbrush into her vagina, all in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT 3
(Distribution of Child Pornography)

11. The allegations in paragraphs 1 and 5 of the Information are incorporated here.

12. On or about November 2, 2019, in the State and District of Minnesota, the defendant,

**DEREK GERARD WILLIAMS,**
**A/K/A "MELIKECHEESEPIZZA,"**
**A/K/A "KNOTTUPTOANYGOOD,"**
**A/K/A "JAKE SMITH,"**

attempted to and did knowingly distribute a visual depiction that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and in and

4

United States v. Derek Gerard Williams

affecting interstate and foreign commerce, by any means, including by computer, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, namely: an image file with a title ending in b409890520494286b69b21094314af33.jpg of a known minor girl posing to expose her vulva, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## FORFEITURE ALLEGATIONS

Counts 1 through 3 of this Information are incorporated here for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253(a).

As the result of the offenses alleged in Counts 1 through 3 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a):

(1)   any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, United States Code;

(2)   any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3)   any property, real or personal, used or intended to be used to commit or to

*United States v. Derek Gerard Williams*

promote the commission of such offense or any property traceable to such property, including but not limited to the following items:

    (a) Samsung HD501LJ 500 GB Hard Drive, S/N S0MUJ1KP990304;

    (b) Samsung SCH-I500V phone bearing ID 268435460202240217;

    (c) Razer Laptop RZ09-0195, S/N BY1722A35001027; and

    (d) Razer RZ35-0259 phone, IMEI 357482090330613 with internal 128GB microSD card, S/N 8404ZVHES0CU.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

All in violation of Title 18, United States Code, Sections 2251(a), (d), and (e), 2252(a)(2) and (b)(1), and 2253(a).

Dated:  June 29, 2021

    W. ANDERS FOLK
    Acting United States Attorney

    s/ Miranda E. Dugi

    BY: MIRANDA E. DUGI
    Attorney ID No. 5140546 (NY)
    Assistant United States Attorney