UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-149 (NEB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEREK GERARD WILLIAMS,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Defendant DEREK GERARD WILLIAMS (hereinafter referred to as the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to enter a plea of guilty to Counts 1-3 of the Information. Count 1 charges Advertising Child Pornography, in violation of 18 U.S.C. §§ 2251(d) and (e). Count 2 charges Production and Attempted Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). Count 3 charges Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). In exchange, the United States Attorney's Office agrees not to charge the defendant with additional counts of the offenses described above, or receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2) known at the time of the entry of this plea.

SCANNED
AUG 16 2021
U.S. DISTRICT COURT ST. PAUL

2.      **Detention.** The defendant agrees that detention is mandatory and that he will be remanded to the custody of the U.S. Marshals Service upon entry of his guilty plea in this case. 18 U.S.C. § 3143.

3.      **Factual Basis.** The defendant agrees that the Information, which is attached to this agreement and incorporated here by reference accurately set forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant further agrees that the facts set forth in the Information are true and could be established beyond a reasonable doubt if the case were to proceed to trial.

4.      **Stipulations regarding Additional Offenses.** The defendant agrees that the Information does not fully encompass the extent of his criminal conduct.  The defendant also agrees that he is culpable for similar conduct as that described in the Information involving victims other than the minors described in the Information, including a self-identified 15-year-old girl whom he solicited to produce child pornography via the online platform LiveMe in and around November 2019, in addition to as yet unidentified victims. Pursuant to USSG §1B1.2(c), the defendant stipulates to the facts described in the Information and in this paragraph.  He further understands and agrees that the conduct involving victims other than those identified in the Information shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below. The defendant further acknowledges that the United States and the Court have an obligation to accurately calculate the applicable guideline range, and that it shall not be a breach of

this agreement for the United States to advocate for a higher applicable offense level based on conduct involving additional victims not identified in the Information.   Further, the defendant understands and agrees that he will not be permitted to withdraw from the plea agreement if such stipulations or the identification of additional victims results in a higher applicable offense level or guideline range.   Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

5.   **Waiver of Indictment and Duplicity**. The defendant agrees to waive indictment by a grand jury on this charge, and to consent to the filing of a criminal Information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense. The defendant further waives any right to challenge the Information on duplicity grounds.

6.   **Waiver of Pretrial Motions**. The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily gives up the right to file and litigate pretrial motions.

7.   **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from

3

compelled self-incrimination. The defendant understands that the defendant has the right

to an attorney at every stage of the proceedings and, if necessary, one will be appointed to

represent the defendant. The defendant understands that by pleading guilty, the defendant

specifically and voluntarily waives each of these trial rights, except the right to counsel.

The defendant understands that a guilty plea is a complete admission of guilt and if the

Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

8.      **Statutory Penalties**. Unless otherwise specified below, the parties agree that

the following statutory penalties apply for Counts 1 and 2 of the Information:

      a.    A mandatory minimum of 15 years' imprisonment;
      b.    A maximum of 30 years' imprisonment;
      c.    A supervised release term of not less than five years up to a maximum term of life;
      d.    A fine of up to $250,000;
      e.    A mandatory special assessment of $100;
      f.    Payment of $5,000 to the Domestic Trafficking Victims' Fund; and
      g.    Payment of mandatory restitution in an amount to be determined by the Court.

9.      The parties also agree that the following statutory penalties apply for Count

3 of the Information:

      a.    A mandatory minimum of 5 years' imprisonment;
      b.    A maximum of 20 years' imprisonment;
      c.    A supervised release term of not less than five years up to a maximum term of life;
      d.    A fine of up to $250,000;
      e.    A mandatory special assessment of $100;
      f.    Payment of $5,000 to the Domestic Trafficking Victims' Fund; and
      g.    Payment of mandatory restitution in an amount to be determined by the Court.

4

The parties further acknowledge that the following combined statutory penalties for Counts 1, 2, and 3 apply:

a.    A mandatory minimum term of 15 years' imprisonment;
b.    A maximum term of 80 years' imprisonment;
c.    A maximum term of life supervised release;
d.    A maximum fine of $750,000;
e.    A mandatory $300 in special assessments; and
f.    Payment of $15,000 to the Domestic Trafficking Victims' Fund.

10.    **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

11.    **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a.    The parties agree that the guidelines applicable to each offense are to be calculated separately. (USSG §§2B3.2, 2B3.3, 2G2.1(d), and 3D1.2(d)). The parties also agree that the 2018 U.S. Sentencing Guidelines Manual applies. (USSG §1B1.11(b)(3)).

*Advertising and Distribution of Child Pornography (Counts 1 and 3)*

b.    Base Offense Level. The parties agree that the base offense level for advertising child pornography is 22. (USSG §2G2.2(a)(2)).

5

c. <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

1) 2 levels because the material involved prepubescent minors and minors under the age of 12 years. (USSG §2G2.2(b)(2));
2) 6 levels because the offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the minor to engage in any illegal activity (USSG §2G2.2(b)(3)(D)).
3) 4 levels because the material involved sadistic and masochistic conduct or depictions of infants and toddlers. (USSG §2G2.2(b)(4)).
4) 5 levels because the offense involved a pattern of activity involving sexual abuse or exploitation of minors. (USSG §2G2.2(b)(5)).
5) 2 levels because the offense involved the use of a computer and an interactive computer service. (USSG §2G2.2(b)(6)).
6) 5 levels because the offense involved more than 600 images (USSG §2G2.2(b)(7)(D)).

*Production and Attempted Production of Child Pornography (Count 2)*

d. <u>Base Offense Level.</u> The parties agree that the base offense level for sexually exploiting a minor by production of sexually explicit visual material is 32. (USSG §2G2.1(a)).

e. <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments to the offense level apply:

i.   2 levels because the offense involved the commission of a sexual act (USSG §2G2.1(b)(2)).
ii.  2 levels because the defendant knowingly engaged in distribution (USSG §2G2.1(b)(3)).
iii. 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, or an infant or toddler. (USSG §2G2.1(b)(4)).
iv.  2 levels because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce . . . a minor to engage in sexually explicit conduct. (USSG §2G2.1(b)(6)(B)).

6

f.  The parties agree that the following Chapter 3 provisions apply:

      i.  <u>Determining the Combined Offense Level.</u> The parties agree that an upward adjustment applies pursuant to the guidelines related to multiple counts of conviction. (USSG §§3D1.2(d) and 3D1.4). The parties also agree that the group with the highest offense level is 46 (advertising and distribution of child pornography). (USSG §§3D1.4(a)). The parties further agree that 3 units apply. (USSG §§3D1.4(a)). As a result, the combined offense level is 49.

      ii.  <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following:

          1)  the defendant testifies truthfully during the change of plea and sentencing hearings;

          2)  the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation; and

          3)  the defendant commits no further acts inconsistent with acceptance of responsibility. (USSG §3E1.1).

g.  <u>Repeat and Dangerous Sex Offender against Minors.</u> The parties agree that a 5-level upward adjustment applies because the instant offense includes a covered sex crime, neither USSG §§4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. (USSG §4B1.5(b)(1)).

h.  <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal

7

history category, and he will not be permitted to withdraw from this Plea Agreement. (USSG §§4A1.1 and 4B1.5(b)(2)).

i. Guideline Range. If the adjusted offense level is 43—the maximum permitted under the guidelines—and the criminal history category is I, the Sentencing guideline range is life, which by operation of the statutory maximum for Counts 1 through 3 is 80 years.

j. Fine Range. Based on the offense level calculated above, the fine range is $50,000 to $500,000. USSG §5E1.2(c).

k. Supervised Release. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. (USSG §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

l. Sentencing Recommendation. The parties reserve the right to make a motion for a variance or departure from the applicable guideline range.

12.     **Discretion of the Court.** The foregoing stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable guideline range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

13.     **Special Assessment.** The defendant is required to pay a special assessment in the amount of $100 for each felony count of conviction, for a total of $300. 18 U.S.C. §

3013; USSG §5E1.3. The defendant also agrees to pay special assessments of $5,000 to the Domestic Trafficking Victims' Fund for a total of $15,000. The defendant agrees that these assessments all become due and payable upon sentencing.

14. **Restitution.** The defendant understands and agrees that 18 U.S.C. § 2259 and 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) apply and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses. Additionally, pursuant to 18 U.S.C. § 3663A(a)(3), the defendant agrees to pay restitution to any individual whose child pornography image or video he possessed, distributed, received, trafficked, or produced, as determined in the course of the investigation or by the National Center for Missing and Exploited Children (NCMEC). The parties agree that the amount of restitution owed will be determined using 18 U.S.C. § 2259 to reflect the full amount of victim losses. The defendant agrees to enter a stipulation prior to sentencing to restitution regarding victims who have requested restitution by that date. Absent an agreement with counsel for the victim(s) and the government that he will pay a greater amount, the defendant agrees to pay at least $3,000, in restitution to each of the victims who request restitution in his case. The defendant acknowledges and agrees that a greater amount may be appropriate, particularly for victims of production of child pornography. Additionally, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes, regardless of whether the victim was named in the Information or included in the counts of conviction. The defendant agrees to fully and completely disclose to the United States

9

Attorney's Office the existence and location of any assets in which the defendant has any

right, title, or interest. The defendant agrees to assist the United States in identifying,

locating, returning, and transferring assets for use in payment of restitution and fines

ordered by the Court.

15.     **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to

18 U.S.C. § 2253(a):

      a.  Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

      b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

      d.  Specifically, the parties agree that the defendant will forfeit the property identified in the Information and any other electronic devices identified as containing child erotica or child pornography currently in the government's possession.

      e.  The United States reserves the right to seek the forfeiture of additional property.

16.     **Waivers of Appeal and Collateral Attack.** The defendant acknowledges

having been advised by counsel of the defendant's rights, in limited circumstances, to

appeal the conviction or sentence in this case, including the appeal rights conferred by 18

U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-

conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant

understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and voluntarily waives these rights, except as specifically reserved herein. The defendant's waiver of these rights includes his waiver of the right to contest the constitutionality of the statute to which he is pleading guilty or to argue that the admitted conduct does not fall within the scope of that statute. The defendant further waives any order the right to appeal any order of restitution in this case. In exchange for this waiver, the United States agrees to waive its right to appeal a sentence that exceeds 360 months' imprisonment. Nothing in this paragraph bars the defendant from seeking any remedy on appeal or collateral attack with respect to a claim of ineffective assistance of counsel.

17.    **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

18.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

19.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States

11

and the defendant.   There are no other agreements, promises, representations, or

understandings.

Date:   July 27, 2021

W. ANDERS FOLK
Acting United States Attorney

BY: MIRANDA E. DUGI
(NY: 5140546)
Assistant U.S. Attorney

Date: 7-27-2021

DEREK GERARD WILLIAMS
Defendant

Date: 7-27-21

ERIC OLSON
Counsel for the Defendant

12