UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-149 (NEB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEREK GERARD WILLIAMS,
A/K/A "MELIKECHEESEPIZZA,"
A/K/A "KNOTTUPTOANYGOOD,"
A/K/A "JAKE SMITH,"

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Miranda E. Dugi, Assistant United States Attorney, hereby submits its response to defendant Williams's position with respect to sentencing.

Williams's sentencing memorandum speaks at length about the need for a variance from the applicable guideline sentence of 960 months' imprisonment. As there is no dispute between the parties that a downward variance is appropriate in this case, this response focuses on factors that—contrary to Williams's assertions—demonstrate the need for a sentence beyond the bare mandatory minimum term of 15 years' imprisonment that he requests.

## I.     Age

Williams's insists that his youth is a mitigating factor, and that his offense was the result of his lack of impulse control due to an undeveloped prefrontal cortex. Williams's

claims about age with respect to mental development are unavailing.  Unlike a violent or impulsive crime where such an argument might have more resonance, Williams's offenses demonstrate a more methodical, perseverating intent rather than unbridled impulse.   He carefully sought out and cataloged his child pornography collection, sorting and labeling large volumes of content.  He told investigators that even if certain files were not of particular interest to him, he kept them to trade for other child pornography that he wanted. Such calculated, mercenary behavior repeated over the course of years[1] is neither rash nor impulsive.  Williams took care to avoid detection through multiple means—concealing his activity through a virtual private network (VPN) and other means previously discussed in the government's sentencing memorandum, using accounts on multiple platforms— including foreign service providers known to house child exploitation material, and employing coded language.   Williams sought out and became deeply steeped in a subculture dedicated to some of the most extreme forms of child sexual abuse.  He targeted particularly vulnerable children, whose family situations and mental health made them susceptible.   His conduct was deliberate and deliberative, and not the sort of action explained away by youthful impulsivity.

Moreover, Williams's claim runs directly counter to the statistics he cites elsewhere in his pleading about the average age of offenders, who are well beyond the threshold of mental development he claims is so crucial in his case. Williams insists that a sentence that would result in his release at approximately 38 years old—which he repeatedly notes is the

---

[1]     Although the charged offenses relate to conduct dating back to 2019, accounts and folder names used in the offense date back to at least 2016.

average age of child pornography production offenders—is sufficient.  It defies logic that:

1) the average offender is 13 years older than the threshold for development that Williams

insists caused his offense, and 2) that Williams would no longer pose a danger by virtue of

being incarcerated until precisely the age when most offenders are caught and prosecuted.

As noted in the government's sentencing memorandum, Williams's prolific sexual

abuse of children at such a young age is aggravating, and serves as a serious warning sign

for likely future recidivism and danger to the public.

## II.      Case Comparisons

Williams cites to multiple cases in the district in support of his argument that the

minimum sentence is appropriate in this case.  As is often the case in attempting such

comparisons—which mistake the purpose of §3553(a)(6), which counsels avoiding

disparities on a national level, not as between individual defendants[2]—Williams is often

comparing apples to zebras.  Multiple cases he cites involve only in-person sexual abuse

of children by defendants charged with the victims' care.   Unlike Williams, these

defendants (*e.g.*, *Roggenbuck*, *Maldonado*) did not reach beyond the children within their

immediate ambit to engage in and memorialize their sexual abuse, and did not seek out and

encourage production of young children engaged in bestiality, among other distinguishing

---

[2] "Subsection 3553(a)(6) is concerned with national disparities among the many
defendants with similar criminal backgrounds convicted of similar criminal conduct.  . . .
Section 3553(a)(6)'s national concern has been noted by a great majority of the circuits."
*United States v. Simmons*, 501 F.3d 620, 623–24 (6th Cir. 2007) (internal citations
omitted) (collecting cases, including *United States v. McKnight*, 186 F.3d 867, 869 (8th
Cir. 1999)).

factors.   Nonetheless, Williams is partially right: hands on child sexual abuse is

reprehensible, requires lengthy sentences, and in many cases, the magnitude of the harm

caused as a result is of a different grade of severity altogether (e.g., *Roggenbuck*).   That

██████████████████████████████████████████████████████alone supports

the government's request for a lengthy sentence.

Insofar as Williams cites cases involving online production of child pornography,

they counsel imposing a higher sentence than Williams is requesting and present

circumstances not present in Williams's case.   For example, Williams highlights that

production via social media involving a single victim in *Anderson-Baldwin* resulted in a

sentence 106 months longer than the one he requests.[3]   Williams also fails to account for

the fact that the content he sought out and created was more extreme, involved numerous

victims, and occurred after ████████████████████████████unlike the other

defendants he cites.   Indeed, it bears mention that the defendant in *Ottinger*—which is

being prosecuted by the undersigned and in which the parties have yet to file sentencing

positions—did not evince an interest in the extreme content Williams sought, focused on

older victims (including adults), employed extortionate threats, and abused of a position

of trust not at issue here.   Such cases do not provide a meaningful guide for the Court's

consideration, particularly where, as in Williams's case, the government is asking for a

---

[3] Indeed, the imposed sentence of 288 months was 12 months below the government's
recommendation for a downward variance to 300 months. *United States v. Anderson-
Baldwin*, 21-cr-10 (DWF/ECW) (Doc. 45: Gov't Mot. for Variance).

considerable downward variance from the guideline range (which is also considerably lower than the applicable range in *Ottinger*).

If Williams is looking for a more analogous case to his own that the undersigned has prosecuted, he could have cited *United States v. Deling*, 0:19-cr-0041 (WMW/BRT), which involved a 19-year-old defendant who was sentenced to 420 months' imprisonment for child pornography production and extortion of dozens of girls aged 11 to 17. Deling had history of sextortion but engaged in no contact offenses. Again, as such, this case is not precisely comparable to *Deling*, including in that Williams at least did not engage in extortionate activity, and Deling never engaged in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ However, the evidence reflects that Williams engaged in similar production conduct online—e.g., producing child pornography depicting penetration of children using objects including a hairbrush—though often encouraging more extreme conduct involving bestiality, which was absent in *Deling*. What both Williams and Deling have in common is that their age presents an aggravating factor, where the defendant's behavior had already escalated to an extreme that suggested recidivism was assured and the need to protect the public was obvious.

### III.   Restitution

As of the date of this filing, Williams's counsel has advised that he has reached agreements with all but one victim's counsel regarding restitution, and anticipates further correspondence regarding that victim shortly. Accordingly, the parties believe they will likely be able to submit the agreed-upon stipulation to restitution to the Court prior to or at the sentencing hearing. Should circumstances change, the government anticipates

requesting that the Court permit a brief continuance to resolve the outstanding restitution issue after the sentencing hearing pursuant to 18 U.S.C. § 3664(d)(5).

## IV.   Conclusion

The recommended sentence of at least 360 months' imprisonment is warranted given the breadth and severity of his conduct and history.  Indeed, Williams presents the worst kind of risk to public safety—someone who has demonstrated a willingness to engage in both ███████████████████ as well as online abuse of strangers.  Literally no child is safe from Williams, and a sentence of at least 360 months' imprisonment and lifetime supervision is essential to protecting them.

Dated: January 6, 2022                                   Respectfully Submitted,

                                                         CHARLES J. KOVATS, JR.
                                                         Acting United States Attorney

                                                         /s/ Miranda E. Dugi
                                                         BY:  MIRANDA E. DUGI
                                                         Assistant U.S. Attorney
                                                         Attorney ID No. 5140546 (NY)